IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DAVON MITCHELL SAXTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-027 |
| | ) | (Formerly CR 112-119) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at Federal Correctional Institution Williamsburg in Salters, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

I. BACKGROUND

  A.  Indictment

The grand jury in the Southern District of Georgia, on March 8, 2012, charged Petitioner, along with three co-defendants, with participation in a four-member conspiracy to rob commercial businesses. U.S. v. Saxton, CR 112-119, doc. no. 3 (S.D. Ga. Mar. 8, 2012) (hereinafter "CR 112-119"). Petitioner was charged in ten counts of the eleven-count indictment: one count of conspiracy to rob commercial businesses, in

violation of 18 U.S.C. § 1951, one count of conspiracy to use firearms during violent crimes, in violation of 18 U.S.C. §§ 924(c) & (o), three counts of robbery of a commercial business, in violation of 18 U.S.C. § 1951, one count of attempted robbery of a commercial business, in violation of 18 U.S.C. § 1951, and four counts of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Id. The five counts involving robbery each carried a potential sentence of imprisonment of not more than twenty years. Id., doc. no. 4, p. 1. The conspiracy to use a firearm during a crime of violence carried a potential sentence of imprisonment of not more than twenty years. Id. at 2. The remaining four counts of using, carrying, and brandishing a firearm during a crime of violence carried a potential sentence of imprisonment of seven years if brandished (consecutive to any other sentence imposed), and not less than twenty-five years of imprisonment (consecutive to any other sentence imposed) upon a second or subsequent conviction under 18 U.S.C. § 924(c)(1)(A)(ii). Id.

Petitioner originally requested and received court-appointed counsel under the Criminal Justice Act, but that appointment was terminated when Petitioner retained attorney David N. Ghazi to represent him on all charges. CR 112-119, doc. nos. 6, 41, 60.

**B.    Agreement to Plead Guilty**

Petitioner eventually reached an agreement with the government to plead guilty to two counts of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Id., doc. nos. 112-14. On September 21, 2012, United States District Judge J. Randal Hall held a change of plea hearing. During the

change of plea hearing, Judge Hall established Petitioner's competence to enter a guilty plea if he so desired. Id., doc. no. 142 (hereinafter "Rule 11 Tr."), pp. 14-17. Petitioner also testified under oath that he was satisfied with the assistance he had received from Mr. Ghazi and that he had read and reviewed the plea agreement with counsel before signing it. Id. at 18-19, 24.

Judge Hall reviewed the charges in Petitioner's case and the possible statutory penalties for the charges to which Petitioner was pleading guilty. Id. at 5-10, 28-29. Judge Hall informed Petitioner that a first conviction on a § 924(c)(1)(A)(ii) charge carried a statutorily-required prison sentence of seven years consecutive to any other sentence imposed and a second such conviction carried a prison sentence of not less than twenty-five years consecutive to any other sentence. Id. at 28. Upon a question from Petitioner, Judge Hall also explained that the penalty for the charges to which he would be pleading guilty were set by statute rather than by the advisory sentencing guidelines. Id. at 27. When asked, Petitioner confirmed that he understood the possible penalties. Id. at 27, 29.

Judge Hall also explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed that he clearly understood those rights. Id. at 19-21. Among the rights explained, Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. Id.

Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

CR 112-119, doc. no. 114, p. 5. By signing the plea agreement Petitioner attested that he had read and understood the plea agreement and that it accurately set forth the terms and conditions of his agreement with the government. Id. at 12.

In addition, Judge Hall reviewed the appeal and collateral attack waiver as follows:

> And finally, I note that just like [a co-defendant], you've agreed to voluntarily and expressly waive your right to appeal your sentence directly or indirectly on a post-conviction proceeding on any ground unless the Government should appeal your sentence, or unless your final sentence is higher than the statutory maximum or higher than the sentencing guideline range, in which event you would have the right to appeal the sentence. Otherwise, by signing this plea agreement, you are in fact waiving your appellate rights. Is this what you agreed to?

Rule 11 Tr., pp. 25-26.[1] Petitioner asked a clarifying question about sentencing, unrelated to the waiver provision, and affirmed that he understood what Judge Hall had explained. Id. at 26-27. Petitioner also affirmed that, other than the promises the government made in the plea agreement, no one had made him any promises in order to get him to plead guilty. Id. at 27-28.

---

[1] Judge Hall conducted the change of plea proceedings with Petitioner and one of his co-defendants, Andrew Cornelius Walker. Judge Hall had just explained co-defendant Walker's waiver provision. Rule 11 Tr., pp. 22-23.

Next, Judge Hall heard a factual basis for Petitioner's guilty plea from Special Agent Jason Gustin with the Federal Bureau of Investigation. Id. at 35-44. SA Gustin described the facts of the September 3, 2009 robbery of the Check Exchange in Augusta, Georgia, and the December 9, 2009 robbery of Columbia Check Cashing in Grovetown, Georgia. Id. This testimony confirming Petitioner's involvement in the robberies included descriptions of images obtained from video surveillance of the two businesses, statements by co-defendants, and admissions made by Petitioner to law enforcement officers after the return of the indictment. Id. at 39-42. Having heard the testimony of SA Gustin and in response to Judge Hall's question of whether he admitted he had performed the acts as charged in counts six and eight of the indictment, Petitioner stated no objections to the factual proffer and readily admitted his guilt to the two counts of using, carrying, and brandishing a firearm during a crime of violence, as delineated in his plea agreement. Id. at 45-47. Judge Hall then summarized the proceedings as follows:

> [Petitioner] is competent and fully understands the charges against him. There is an independent factual basis for his pleas of guilty containing each of the essential elements of the offenses.
>
> [Petitioner] knows the statutory minimum and maximum punishments that can be imposed on the charges. And [Petitioner] knows his jury rights, which [he] has voluntarily and knowingly waived. I further find that [Petitioner's] decision to plead guilty today is voluntary, knowing and not the result of any force, pressure, threats or promises, other than the promises made by the Government in the plea agreement.
>
> Therefore, [Petitioner's] plea of guilty is hereby accepted.

Id. at 47-48.

### C. Sentencing

The United States Probation Office then prepared a Presentence Investigation Report ("PSI"). The advisory guideline sentence for a violation of 18 U.S.C. § 924(c) is the minimum prison sentence required by the statute. See U.S.S.G. § 2K2.4(b); PSI ¶ 23. The minimum term of imprisonment required by the statute for a first violation of § 924(c) was seven years because Petitioner pled guilty to brandishing a weapon as charged in count six of the indictment. 18 U.S.C. § 924(c)(1)(A)(ii); PSI ¶ 23. The minimum term of imprisonment required by the statute for the second violation of § 924(c) to which Petitioner pled guilty as charged in count eight of the indictment was twenty-five years of imprisonment. 18 U.S.C. § 924(c)(1)(C)(i); PSI ¶ 23. The statute also required that the two terms be served consecutively, for a total prison sentence of thirty-two years, i.e., 384 months. 18 U.S.C. § 924(c)(1)(D)(ii); PSI ¶¶ 23, 54, 55.

Prior to sentencing, Petitioner filed four objections to the PSI, all of which were resolved prior to sentencing. See PSI Addendum; CR 112-119, doc. no. 150 (hereinafter "Sent. Tr."), pp. 3-4. Judge Hall adopted the factual statements in the PSI and the recommended guideline prison sentence of 384 months based on the statutory penalty requirements in 924(c) for consecutive sentences of seven and twenty-five years. Sent. Tr., p. 5. Judge Hall next took up the government's 5K1.1 motion for downward departure based on Petitioner's substantial assistance, a motion which allowed Judge Hall to consider a sentence below any applicable mandatory minimum sentence. Id. at 5-6; CR 112-119, doc. no. 131.

Having heard from the government and the defense, Judge Hall granted the 5K1.1 motion and sentenced Petitioner to a total term of imprisonment of 290 months. Id. at 20-21; CR 112-119, doc. no. 133. All other remaining counts charged against Petitioner were dismissed. Sent. Tr., p. 24; CR 112-119, doc. no. 133.

In keeping with the terms of the plea agreement, Petitioner did not file a direct appeal. Petitioner, however, did file the instant § 2255 motion to vacate, set aside, or correct his sentence.

**D.     § 2255 Proceedings**

In his § 2255 motion, Petitioner raises two grounds for relief:

(1) Counsel provided ineffective assistance because Petitioner's agreement to plead guilty was not knowing and voluntary; and

(2) Counsel provided ineffective assistance because he did not object to Judge Hall's alleged failure to establish a factual basis for accepting the guilty plea, and thus Petitioner's plea was involuntary.

(Doc. no. 1, pp. 3-4.) Petitioner provides no details on these claims, other than to say the issues were not appealed because after discussions with counsel, it was determined there was no basis for an appeal. (Id.) Petitioner referenced a memorandum of law in his § 2255 motion, but having received an extension of time to file said memorandum, Petitioner filed nothing. (See doc. nos. 2, 3.)

Respondent opposes Petitioner's motion, arguing that his plea was knowingly and voluntarily entered. (See generally doc. no. 5.)

## II. DISCUSSION

### A. There Is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. U.S., 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. U.S., 365 F.3d 1225, 1238-39 (11th Cir. 2004) (*per curiam*).

While ineffective assistance of counsel claims often require a hearing for development of an adequate record, an evidentiary hearing is not required every time such a claim is raised. Vick v. U.S., 730 F.2d 707, 708 (11th Cir. 1984). Because Petitioner's claims lack merit as a matter of law or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

### B. Petitioner Entered a Knowing and Voluntary Guilty Plea.

Both of Petitioner's conclusory ineffective assistance claims raise allegations that his guilty plea was not knowingly and voluntarily entered. The record is clear that any such arguments are without merit.

Moreover, the Court will address these claims on the merits despite the existence of a collateral attack waiver because Petitioner asserts that he received ineffective

8

assistance when deciding whether to enter his guilty plea. This assertion, if found to have merit, would cast doubt not only on the validity of the collateral attack waiver, but also the knowing and voluntary nature of the entirety of the guilty plea. Indeed, courts have recognized that a defendant cannot waive the right to raise an ineffective assistance claim alleging a problem at the time he was entering the plea or regarding advice provided regarding the waiver. Vaca-Ortiz v. U.S., 320 F. Supp. 2d 1362, 1365 (N.D. Ga. 2004) see also Williams v. U.S., 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) ("[T]here may be a distinction between a § 2255 claim of ineffective assistance related to the validity of a plea in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement."). This is so because ineffective assistance of counsel in entering the plea "would require a finding that the plea was not entered knowingly and voluntarily, which would in turn mean that a court could not enforce a waiver contained within that plea agreement." Vaca-Ortiz, 320 F. Supp.2d at 1365 (citing U.S. v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). However, as discussed *infra*, the Court determines that Petitioner's ineffective assistance claims form no basis for relief.

    1.    **Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.**

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. U.S., 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation

fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. U.S., 267 F.3d 1202, 1204-05 (11th Cir. 2001).

Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, a petitioner must show "that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694). As the

Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. U.S., 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012) (*per curiam*), cert. denied, 133 S. Ct. 484 (2012). In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Thus, a petitioner must prove "serious derelictions" in counsel's advice regarding the plea. Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (*en banc*) (citations omitted). Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Hill, 474 U.S. at 56-59.

### 2. Petitioner Has Not Shown Entitlement to Relief Based on Conclusory Claims that Counsel Permitted Entry of Involuntary Guilty Plea that Had No Factual Basis.

Petitioner alleges that Mr. Ghazi improperly allowed the entry of an involuntary guilty plea and that there was no factual basis for a plea. (Doc. no. 1, pp. 3-4.) However,

as discussed below, the record establishes Petitioner's guilty plea was knowingly and voluntarily entered, and Judge Hall established a factual basis for the plea before accepting it. Therefore, Petitioner's cannot meet either prong of the two-part ineffective assistance test set forth in Strickland.

### a. Standard for Enforceability of Guilty Plea.

Once a guilty plea becomes final, unless the record demonstrates that the sentencing court lacked the power to enter the conviction or impose the sentence, a petitioner may only challenge the knowing, voluntary nature of the plea. U.S. v. Broce, 488 U.S. 563, 569 (1989). In conducting its analysis, the Court starts with the proposition that a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The Eleventh Circuit has described the requirements for a valid guilty plea as follows: "The Fourteenth Amendment Due Process Clause requires that a plea of guilty be knowingly and voluntarily entered because it involves a waiver of a number of the defendant's constitutional rights. A plea of guilty cannot support a judgment of guilt unless it was voluntary in a constitutional sense." U.S. v. Brown, 117 F.3d 471, 476 (11th Cir. 1997). A guilty plea may be involuntary in a constitutional sense if a defendant is coerced into his plea, if a defendant does not understand the nature of the constitutional protections he is waiving, or "if a defendant has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Id. Thus, a defendant must receive "real notice of the true nature of the charged crime." Id.

The Eleventh Circuit has further explained that, for a guilty plea to be knowingly and voluntarily made, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." U.S. v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (*per curiam*) (citations omitted). In addition, "a defendant who seeks reversal of his conviction after a guilty plea . . . must show a reasonable probability that, but for the error [under Rule 11 of the court accepting the guilty plea], he would not have entered the plea." Id. at 1020 (quoting U.S. v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).

        **b.    Judge Hall's Colloquy with Petitioner Satisfied the Three Core Principles Required and Established a Factual Basis for Acceptance of the Guilty Plea.**

Judge Hall informed Petitioner in clear terms of the charges to which he was pleading guilty, and Petitioner testified that he understood the charges. Rule 11 Tr., pp. 5-10. Judge Hall also provided a detailed explanation of the rights Petitioner would forfeit by pleading guilty, and Petitioner affirmed he understood his decision to plead guilty would result in a waiver of these rights. Id. at 19-21. Petitioner testified that other than the promises the government made in the plea agreement, no one had made promises to get him to plead guilty, and Judge Hall made a finding that Petitioner's decision to plead guilty was not the result of force, pressure, threats or promises other than those in the plea agreement. Id. at 27-28, 48. Petitioner also testified that he had reviewed the plea agreement with Mr. Ghazi before he signed it and was satisfied with the help he had received from Mr. Ghazi. Id. at 18-19, 24.

13

Additionally, Judge Hall informed Petitioner of the possible penalties he faced upon conviction. In particular, Judge Hall explained the required seven-year consecutive sentence upon the first conviction of a § 924(c)(1)(A)(ii) charge and the twenty-five year consecutive sentence upon a second or subsequent conviction under that same statute. Id. at 28. Upon a specific question from Petitioner, Judge Hall also explained that the penalty for the charges to which he would be pleading were set by statute rather than by the advisory sentencing guidelines. Id. at 27. When asked if he understood the possible penalties, Petitioner affirmed that he did. Id. at 27, 29.

Thus, Judge Hall's thorough plea colloquy ensured that Petitioner understood both the nature of the charges and the consequences of his guilty pleas, and that Petitioner was not coerced into pleading guilty. See Moriarty, 429 F.3d at 1019. Petitioner has not argued, let alone shown a reasonable probability that but for any alleged error at the Rule 11 proceeding he would not have entered his guilty pleas. See Dominguez Benitez, 542 U.S. at 83.

Petitioner also admitted to the facts presented by the government as the factual basis for the pleas and told Judge Hall that he wanted to plead guilty to the two charges delineated in the plea agreement. Id. at 35-37. This factual presentation included descriptions by an FBI Special Agent of images obtained from video surveillance of the robbery of the two businesses identified in the counts to which Petitioner was pleading guilty, as well as testimony concerning statements from co-defendants and admissions made by Petitioner to law enforcement officers about the robberies. Id. at 39-42. After

the Special Agent testified, Petitioner stated no objections to the factual proffer and readily admitted his guilt to the two § 924(c) charges. Id. at 45-47.

Accordingly, Petitioner cannot validly claim that his guilty plea was unknowingly or involuntarily entered or that there was no factual basis established for the guilty plea. Such assertions are contradicted by the record of the Rule 11 hearing and Petitioner's sworn testimony at that proceeding. "[S]olemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977); see also U.S. v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (noting that "if the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely").

Moreover, Petitioner never asserts in his § 2255 papers that he would not have pled guilty and instead gone to trial on all ten charges in the indictment. Indeed, as set forth in the PSI, had Petitioner gone to trial and been convicted of Counts One, Two, Three, Five, Seven or Nine in the indictment, the combined guideline sentence would have been imposed consecutively to the 384-month guideline sentence calculated (prior to the 5K1.1 motion) for the two counts to which he pled guilty, and a conviction on Count Four or Ten in the indictment would have required an additional 300-month sentence. PSI ¶ 56. Rather, Petitioner makes bald assertions, devoid of any factual detail, that counsel somehow allowed improper guilty plea proceedings to occur.

As neither argument serving as the basis for Petitioner's ineffective assistance claims has merit, Petitioner has not shown that Mr. Ghazi's representation fell below an

objective standard of reasonableness or that he was in any way prejudiced. Therefore, Petitioner's § 2255 motion should be denied.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 11th day of July, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA