IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 112-119 |
| | * | |
| DAVON MITCHELL SAXON | * | |

# O R D E R

Defendant Davon Mitchell Saxon has filed a "Motion for Immediate Release Due to COVID-19 Pandemic." The Government opposes the motion. Upon due consideration, the Court denies Saxon's request for relief.

As an initial matter, Saxon cites to a Memorandum from the Attorney General directing the Director of Bureau of Prisons ("BOP") to prioritize the use of "various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." See Memorandum dated Mar. 26, 2020, *available at* https://www.justice.gov/file/1262731/download (last visited May 20, 2020). The statutory authority upon which the BOP is processing requests to transfer to home confinement is 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541; neither of these code sections vest the United States District Court with authority to order home confinement. Indeed, designation of an inmate's place of confinement is within the absolute discretion of the BOP.

E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).) Accordingly, Saxon has not invoked the power of this Court to grant him relief.

Further, even if the Court were to construe Saxon's motion as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A), such request must be denied. Indeed, § 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant in "extraordinary and compelling circumstances." Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in the district court. The First Step Act modified § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Saxon has not submitted any evidence or argument that he exhausted his administrative remedies prior to seeking relief in the district court. For this reason, the Court

must deny Saxon's motion to the extent that he seeks compassionate release.

Moreover, in consideration of his bid for compassionate release, this Court may only reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

3

In this case, the only possibly applicable category into which Saxon may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible for relief. Here, Saxon states that he suffers from congestive heart failure, high blood pressure, and bronchitis, which places him at greater risk to be adversely affected by COVID-19. See Center for Disease Control, *At Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited on May 20, 2020). Saxon, however, bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Saxon presents no medical evidence that he meets either of these criteria. Indeed, his argument seems to be that he will likely meet the criteria *if* he contracts COVID-19. Yet, again, Saxon provides no medical evidence to support his alleged serious medical conditions or the impact that COVID-19 would have upon him

4

individually. His generalized concern about possible exposure is at this point too speculative to qualify as extraordinary and compelling. As the Third Circuit explained: "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). In short, without medical evidence and other necessary documentation (such as an approved home release plan) from which this Court may fully evaluate Saxon's individual circumstances as they relate to the COVID-19 pandemic, the Court would deny Saxon's request for compassionate release on the merits as well.

Upon the foregoing, Defendant Davon Mitchell Saxon's motion for immediate release (doc. 200) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of May, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA