IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA        *
                                *
v.                              *       CR 112-119
                                *
DAVON MITCHELL SAXTON           *

O R D E R

Defendant Davon Mitchell Saxton has filed a *second* motion for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Saxton's request for relief.

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant in "extraordinary and compelling circumstances" if such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13.

The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). The Court has already denied Saxton's claim for relief pursuant to the "medical condition" category. (See Order of May 22, 2020, Doc. 202.)

The application note to the policy statement also provides a fourth "catch-all" category of extraordinary and compelling reasons: "**As determined by the Director of the Bureau of Prisons,** there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. U.S.S.G. § 1B1.13 n.1(D) (emphasis added). Through his present motion, Saxton insists that the First Step Act has now given district courts authority to ignore the emphasized language and to determine whether extraordinary and compelling reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13 independent of the BOP's determination. In doing so, Saxton contends that if he were sentenced today, he would not be subject to "stacking" under 18 U.S.C. § 924(c) because of the First Step Act.[1] Thus, the disparity

---

[1] Saxton refers to Section 403 of the First Step Act of 2018, which modified 18 U.S.C. § 924(c) as to when a 25-year sentence is to be imposed. Section 403, however, does not apply retroactively.

2

in sentence between him and a similarly situated defendant sentenced today constitutes an extraordinary and compelling reason for this Court to use its discretion to reduce his sentence.

The Court cannot grant Saxton the requested relief even if the identified sentencing disparity exists. Accord United States v. Saldana, 807 F. App'x 816, 820 (10th Cir. 2020) (rejecting a similar argument that "extraordinary and compelling reasons" include claims related to post-sentencing developments in case law); United States v. Rogers, 2020 WL 4597063, at *3 (M.D. Fla. Aug. 11, 2020) ("The basis for compassionate release is based on individual circumstances and not a medium for mass reductions of statutory penalties."). The First Step Act did not render the Sentencing Commission's policy statement an inappropriate expression of policy. The fact remains that Congress intended that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief. Accord, e.g., United

---

Saxton appears to recognize this fact by requesting compassionate release as opposed to challenging the legality of his sentence.

3

States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

Finally, even if a defendant demonstrates extraordinary and compelling reasons for compassionate release, the Court must still determine if he is a danger to the community, U.S.S.G. § 1B1.13(2), and must consider the sentencing factors of 18 U.S.C. § 3553(a), § 3582(c)(1)(A). These considerations do not support early release in this case. The Court cannot ignore that Saxton is a serial armed robber. Also, his previous convictions involved discharging and possession of firearms on school property. The Court simply cannot conclude with any amount of certainty that Saxton does not pose a danger to the community. Moreover, Saxton has already received a downward departure in sentence and a reduction. He

still has over eight years remaining on his sentence. Early release would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

Upon the foregoing, Defendant Davon Mitchell Saxton's motion for compassionate release (doc. 205) is **DENIED**. The Clerk is directed to **TERMINATE** the Government's motion to dismiss Saxton's motion for compassionate release (doc. 208).

**ORDER ENTERED** at Augusta, Georgia, this 12th day of January, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA